Joseph A. Uremovic #072995
George W. Nickel, III #239335
LAW OFFICES OF JOSEPH A. UREMOVIC
Attorneys at Law
Post Office Box 5654
Fresno, CA 93755-5654
(559) 446-0600

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON PISTORESI, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| MADERA IRRIGATION DISTRICT, a California Agency; LESLIE ALAN TURNER, Individually and as the General Manager of Madera Irrigation District; CARL JANZEN, Individually and as the Board Chairman, Madera Irrigation District; JAMES ANTHONY CAVALLERO, Individually and as a Board member of Madera Irrigation District; TIMOTHY DESILVA, Individually and as a Board member of Madera Irrigation District; CINDI RASCOE, Individually and as a Board member of Madera Irrigation District; GARY BURSEY, Individually and as a Board member of Madera Irrigation District; MADERA DISTRICT EMPLOYEE ASSOCIATION, an Association, DENNIS FLIPPO, Individually and as President of the Madera Irrigation District Employee Association; MICHAEL CAMPOS, Individually and as Counsel for the Madera Irrigation District; BARBARA BRENNER, Individually and as Counsel for the Madera Irrigation District; STOEL RIVES, LLP; and A California Limited Liability Partnership; | JURY TRIAL DEMANDED |
| Defendants. | |

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

1

COMPLAINT

Plaintiff RON PISTORESI complains against the Defendants, and each of them, and alleges as follows:

JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 (a) in that Plaintiff has brought the instant civil action pursuant to 42 U.S.C. 42 USC §1983; §1985; §241; §242; §1971 and First Amendment to the United States Constitution. This Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1391 (b)(2).

2.     Venue properly lies in the United States District Court  for the Eastern District of California in that the alleged violations of Plaintiff's federal and state law rights occurred within the geographical boundaries of the Eastern District of California pursuant to 28 U.S.C. 1391 (b)(2).

3.     Plaintiff filed the required Governmental Tort Claim on December 14, 2007. Said claim was rejected on December 19, 2007.

IDENTIFICATION OF THE PARTIES

4.     Plaintiff Ron Pistoresi is an adult citizen of the United States of America and a domiciliary of the State of California.

5.     Defendant MADERA IRRIGATION DISTRICT (hereinafter called "MID") is, and at all times mentioned here was an entity which is a political sub-division of the State of California.

6.     Defendant CARL JANZEN, (hereinafter "JANZEN") is, and at all times mentioned was, a member of the board of directors for MID.

7.     Defendant JAMES ANTHONY CAVALERO, (hereinafter "CAVALERO") is, and at all times mentioned was, a member of the board of directors for MID.

8.     Defendant TIMOTHY DESILVA, (hereinafter "DESILVA") is, and at all times mentioned was, a member of the board of directors for MID.

9.     Defendant CINDI RASCOE, (hereinafter "RASCOE") is, and at all times mentioned was, a member of the board of directors for MID.

10.     Defendant GARY BURSEY, (hereinafter "BURSEY") is, and at all times

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

COMPLAINT

1 | mentioned was, a member of the board of directors for MID.

2 |     11.    Defendant LESLIE A. TURNER (hereinafter "TURNER") was at all

3 | times mentioned herein the General Manager for MID.

4 |     12.    Defendant STOEL RIVES, LLP (hereinafter called "STOEL") is, and at all

5 | times herein mentioned was, a professional corporation organized and existing under the laws

6 | of California, duly registered with the State Bar of California as a law corporation.

7 |     At all times herein mentioned defendants MICHAEL A. CAMPOS and BARBARA A.

8 | BRENNER were the agents and employees of defendant STOEL and in doing the things herein

9 | alleged was acting within the scope of such agency.

10 | FACTUAL ALLEGATIONS

11 |     13.    Defendants JANZEN, CAVALLERO, RASCOE, CAMPOS and BRENNER

12 | enticed provoked, and conspired with defendant TURNER to cause defendant TURNER to

13 | physically and orally attack plaintiff.

14 |     14.    On or about November, 2007, at various locations, particularly MID premises in

15 | Madera, California, defendant CAVALERO, an ex-police officer whom plaintiff is informed

16 | and believes owns several weapons made the following statements to plaintiff: "you're done";

17 | "your finished"; "your not going to be around here much longer".

18 |     15.    Defendant BURSEY, on or about June 18, 2007, made numerous statements to

19 | plaintiff, including but not limited to: ""I'll show you who's the boss" and "You're a joke and

20 | nothing but a criminal".

21 |     16.    Plaintiff was lead to believe that defendants CAMPOS and BRENNER were

22 | representing him, but in violation of that relationship utilized confidential information provided

23 | to them as plaintiff's attorneys, and, knowing of such conflict of interest, used that confidential

24 | information to plaintiff's detriment to preclude him from acting as a representative for his MID

25 | constituents by going to people unconnected with the board of directors of MID and other

26 | people in the community, so as to try and persuade said persons that plaintiff was incapable of

27 | serving as a representative and was violent.

28 | ///

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

3

COMPLAINT

17.     On or about June 18, 2007, at the MID office premises in Madera County, California, defendant TURNER provoked, threatened, expectorated upon, and attacked plaintiff. Furthermore, Commencing on or about June 17, 2007, and continuing until December, 2007defendant TURNER, would call plaintiff, in his presence and in the presence of others at MID, "an asshole" and or a "fucking asshole.

18.     Before, on or about, and continuing after June 18, 2007, in Madera County, California, the defendants, and each of them, conspired to falsely charge and accuse plaintiff of gross immorality and unprofessional conduct during the period of plaintiff's tenure as General Manager of MID; during plaintiff's tenure as chairman of the board of directors for MID; and during plaintiff's tenure as a member of the board of directors for MID, with the purpose of interfering with plaintiff's rights and duties coming from his position on the MID board of directors and otherwise attempting to prevent any contact or association between plaintiff and MID or its other directors, employees, customers and associated persons.

19.     The defendants, and each of them, caused a Complaint to be filed against plaintiff in Madera County Superior Court, Case No. MCV 036972, which alleged causes of action for Injunction Prohibiting Violence or Threats of Violence Against Employee and Application for Temporary Restraining Order.

20.     On or about April, 2008, Preliminary Injunction sought by the defendants, and each of them, against plaintiff in the Madera County Superior Court was denied by a judge of said court.

21.     On or about April 8, 2008, Defendants MID, JANZEN, CAVALERO, ROSCOE, BURSEY, STOEL, CAMPOS and BRENNER published a press release, which stated: 1. Plaintiff's "behavior is erratic, and unpredictable, leaving most, if not all, of the District employees concerned for their own personal safety when he steps through the doors of the District, as well as in the field."; 2. "To attempt to protect all of its approximately 60 employees in the field an in the office, MID sought a multi-year injunction"; 3. "he was not excluded from any meetings during his tenure as a board member – except while he was suspended during the investigation of his assault on Mr. Turner and other alleged

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

COMPLAINT

improprieties."; and, 4. "Mr. Pistoresi, [plaintiff here] assaulted and battered then-MID General Manager Alan Turner on June 18, 2007."

22.      The aforesaid conduct of defendants MID, JANZEN, CAVALERO, ROSCOE, BURSEY, TURNER, STOEL, CAMPOS and BRENNER, was wanton, willful, intentional, and without legal justification.

23.      Defendants MID, JANZEN, CAVALERO, ROSCOE, BURSEY, TURNER, STOEL, CAMPOS and BRENNER engaged in the aforesaid conduct for the purpose of violating the Plaintiff's federal and state constitutional rights by conspiring to interfere with the Civil Rights of plaintiff; depriving plaintiff of his rights, privileges, and immunities; conspiring to deprive "persons or class of persons" of equal privileges and immunities under the law and or were done to hinder the authorities from giving plaintiff equal protection under the law to support or advocate in an election; conspiring to injure, oppress, threaten, and intimidate a citizen in the free exercise rights and privileges; acting under color of law, statute, ordinance, regulation or custom to willfully subject plaintiff to a deprivation of rights, privileges and immunities; interfered with plaintiff's right to vote and represent his constituents; interfered with plaintiff's right to free speech; denied plaintiff of the right to petition his government; and, violated plaintiff's rights to equal access to public meetings, writings, and agencies of the MID.

24.      The defendants, and each of them, acted with malice, oppression and fraud in that the defendants had a personal vendetta against plaintiff such that punitive damages are warranted where applicable.

25.      As a direct and proximate result of the Defendants' actions, the Plaintiff suffered pain, fear, horror, chagrin, loss of liberty, confinement, grievous physical injuries, and the loss of the enjoyment of life, all to his great detriment and loss.

26.      As a direct and proximate result of the Defendants' actions, the Plaintiff suffered loss of income and deprivation of other liberty interests, damage to reputation, all to his great financial detriment and loss.

///

///

///

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

5

COMPLAINT

## CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS)

27.      The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 in their entirety, as if fully set forth herein.

28.      As a direct and proximate result of above-described unlawful and malicious conduct by defendants MID, JANZEN, CAVALERO, ROSCOE, BURSEY, TURNER, STOEL, CAMPOS and BRENNER, committed under color of authority as a state agency, elected officials, representatives, and government agents, the plaintiff suffered grievous bodily harm; inability to serve in his capacity as a public official, attend public meetings, and participate in elections in violation of his rights under the laws and constitution of the United States, in particular the First and Fourteenth Amendments thereof, and 42 U.S.C. §§ 1971, 1983, 1984, and 1985; 18 USC §§ 241 and 242, and in violation of his rights under the laws of the State of California, in particular California Constitution Article 1 §§ 2(a), 3(a), 3(b),  Civil Code §§51.7; 52.1; 3294,defamation, malicious prosecution, negligent and intentional infliction of emotional distress, assault and battery,  conspiracy and all other claims set form in plaintiff's government claim form to defendant MID attached hereto as Exhibit "A".

29.      The Plaintiff was the victim of unreasonable and deprived the plaintiff of his rights under the laws and Constitution of the United States, in particular the First and Fourteenth Amendments thereof, and the laws and Constitution of the State of California. The assault on the plaintiff by Defendant, Turner, was unwarranted, cruel, inhuman, unjustifiable, and excessive.

30.      Defendants MID, JANZEN, CAVALERO, ROSCOE, BURSEY, TURNER, STOEL, CAMPOS and BRENNER subjected the plaintiff to these deprivations of his rights unreasonably, with a reckless disregard for whether plaintiff's rights would be violated by their actions.

31.      As a direct and proximate result of the acts and omissions of Defendants MID, JANZEN, CAVALERO, ROSCOE, BURSEY, TURNER, STOEL, CAMPOS and BRENNER plaintiff suffered serious injury, was forced to endure great pain and mental suffering, and was deprived of his physical liberty and civil rights, suffered a loss in income and earning capacity,

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

COMPLAINT

and has been and in the future will be required to undergo medical treatment, all to the plaintiff's great detriment and loss.

32.     As a direct and proximate of  the wrongful conduct of the Defendants MID, JANZEN, CAVALERO, ROSCOE, BURSEY, TURNER, STOEL, CAMPOS and BRENNER, the plaintiff suffered substantial damages as well as costs of suit.

33.     The plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. 1988.

WHEREFORE, plaintiff prays judgment on the cause of action against defendants as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof;

3. For lost earnings, past and future, according to proof;

4. For a statutory civil penalty in the sum of $25,000.00, pursuant to Civ. Code § 52(b);

5. For attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. 1988;

6. For punitive damages against the individual defendants and defendant STOEL RIVES;

7. For interest as allowed by law;

8. For costs of suit herein incurred; and

9. For such other and further relief as the court may deem proper.

LAW OFFICES OF
    JOSEPH A. UREMOVIC


Dated:  June 17, 2008.                    By:    /s/ Joseph A. Uremovic
    Joseph A. Uremovic,
    Attorneys for Plaintiff

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

7

COMPLAINT