**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RON PISTORESI | CASE NO. CV-F-08-843-LJO-DLB |
| Plaintiff, | **ORDER ON PLAINTIFF'S EX PARTE MOTION TO CONTINUE HEARING DATE** (Doc. 21) |
| v. | |
| MADERA IRRIGATION DISTRICT, et al., | |
| Defendant. | |

**Background**

This Court is scheduled to hear four motions on November 12, 2008–Defendants Stoel Rives LLP, Michael A Campos, and Barbara A. Brenner's (collectively "Stoel Rives defendants') motion to dismiss (Doc. 8) and motion to strike (Doc. 10) and Defendants Madera Irrigation District, Carl Janzen, James Anthony Cavallero, Gary Bursey, Timothy DaSilva, Cyndi Rascoe, and Dennis Flippo's (collectively "MID defendants'") motion to dismiss (Doc. 18) and motion to strike (Doc. 14).

By notice on October 29, 2008, Plaintiff Ron Pistoresi ("Plaintiff") filed an ex parte motion to continue the hearing date to December 3, 2008. In support of this motion, Plaintiff's attorney, Joseph Anthony Uremovic ("Mr. Uremovic") filed a declaration in which he declares that an extension of time is necessary because he is currently engaged in a jury trial and is unable to prepare an opposition to the

1

pending motions as this time. Mr. Uremovic declares that the current jury trial was trailed three times and has lasted longer than he originally anticipated. Mr. Uremovic further avers that he contacted opposing counsel, who refused to stipulate to a continuance.

Counsel for MID defendants, Thomas S. Brazier ("Mr. Brazier") responded with a "conditional stipulation" to Plaintiff's ex parte application. Mr. Brazier declares that no one from Plaintiff's firm called him prior to the filing of the ex parte motion to request a stipulation. Mr. Brazier is satisfied that Mr. Uremovic is currently engaged in a jury trial which commenced on October 22, 2008. Mr. Brazier does not object to continuing the hearing date, but requests that Mr. Uremovic file an opposition in accordance with this Court's Local Rule 78-230(c).

Counsel for Stoel Rives defendants responded by declaration of counsel Yadira J. Taylor ("Ms. Taylor"). Ms. Taylor confirms that her office refused to stipulate to continue the hearing date on grounds that it had no knowledge that Mr. Uremovic was in trial and the request came on the day before Plaintiff's oppositions to the four pending motions were due. Ms. Taylor proposed to continue the hearing date, if at all, to November 19, 2008. Ms. Taylor bases this proposal on her incorrect assertion that this Court "already granted" Mr. Uremovic a one-week extension of time.[1]

**Discussion**

Pursuant to Local Rule 6-144, this Court "may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasonable why the extension is necessary." Here, the Court is satisfied that the circumstances warrant a one-time extension of time. Mr. Uremvoic is currently engaged in a jury trial that was thrice trailed beginning in July 2008. According to Mr. Brazier, Mr. Uremovic's trial was continued several times, with final case management conferences set on October 9, 2008, October 20, 2008, and October 21, 2008. Thus, Mr. Uremovic has good cause to continue the hearing date. Moreover, Mr. Uremovic's ex parte application explains why a stipulation was not reasonably obtained–counsel for the Stoel Rives defendants objected.

---

[1] This Court re-scheduled the motions hearing date in this matter to cure MID defendants' defective and insufficient notice, not based on Plaintiff's request. On October 10, 2008, the MID defendants noticed a November 5, 2008 hearing for their parallel motions to dismiss and strike and to coincide with Stoel Rives defendants' November 5, 2008 motions hearing date. However, the MID defendants' motions were improperly noticed for November 5, 2008, per Local Rule 78-230(b).

**Conclusion and Order**

Although "[r]equests for Court-approved extensions brought on the required filing date for the pleading...are looked upon with disfavor," Local Rule 6-144(d), this Court **GRANTS** in part Mr. Uremovic's ex parte motion to continue the hearing date. The Court cautions that "[e]xcept for **one** such initial extension, ex parte applications for extension of time will not ordinarily be granted." Local Rule 6-144(c) (emphasis on "one" added).

The Court finds that based on the circumstances and considerations presented in each of the three declarations, the date proposed by the Stoel Rives defendants is unreasonably short and the date proposed by Mr. Uremovic is unreasonably long. Accordingly, this Court **SETS** the following briefing schedule and hearing date for the four outstanding motions in this case:

1. Plaintiff shall file and serve oppositions to the outstanding motions to dismiss and strike no later than **November 12, 2008**;
2. All defendants shall file and serve replies, if any, no later than **November 19, 2008**; and
3. A hearing is scheduled for **November 26, 2008 at 8:30 a.m. in Courtroom 4 (LJO)** to consider the Stoel Rives defendants' motion to dismiss and motion to strike and the MID defendants' motion to dismiss and motion to strike.

IT IS SO ORDERED.

**Dated:   October 30, 2008**                     /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE