**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RON PISTORESI | CASE NO. CV-F-08-843-LJO-DLB |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND STRIKE and MOTION FOR SANCTIONS** (Docs. 8, 10, 14, 18, 33) |
| v. | |
| MADERA IRRIGATION DISTRICT, LESLIE ALAN TURNER, CARL JANZEN, JAMES ANTHONY CAVALLERO, TIMOTHY DESILVA, RASCOE CINDI, GARY BURSEY, MADERA DISTRICT EMPLOYEE ASSOCIATION, DENNIS FLIPPO, MICHAEL CAMPOS, BARBARA BRENNER, and STOEL RIVES, LLP, | |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

Before this Court are five motions. By notice on October 3, 2008, Defendants Stoel Rives LLP, Michael A Campos, and Barbara A. Brenner's (collectively "Stoel Rives defendants') moved to dismiss (Doc. 8) and moved to strike (Doc. 10) Plaintiff Ron Pistoresi's ("Mr. Pistoresi's") complaint. By notice on October 10, 2008, defendants Madera Irrigation District ("MID"), Carl Janzen, James Anthony Cavallero, Gary Bursey, Timothy DaSilva, Cyndi Rascoe, and Dennis Flippo's (collectively "MID

defendants'") moved to dismiss (Doc. 18) Mr. Pistoresi's complaint and joined in the Stoel Rives defendants' motion to strike (Doc. 14). Defendants[1] move to dismiss Mr. Pistoresi's complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and move to strike Mr. Pistoresi's complaint pursuant to Cal. Code Civ. Proc. §425.16, California's "anti-SLAPP statute." In opposition, Mr. Pistoresi alleges additional facts to re-frame the dispute, and narrows the legal claims asserted. On November 14, 2008, the Stoel Rives defendants moved for sanctions against Mr. Pistoresi, pursuant to Rule 11 (Doc. 33). For the following reasons, this Court GRANTS defendants' motions to dismiss and motions to strike, DENIES without prejudice the Stoel Rives defendants' motion for sanctions, and GRANTS Mr. Pistoresi leave to amend.

## BACKGROUND

### Factual Allegations in the Complaint

The factual allegations of the complaint describe a conspiracy among the defendants, a June 18, 2007 attack on Mr. Pistoresi, and a subsequent temporary restraining order and injunction filed against Mr. Pistoresi to prohibit "violence or threats of violence" by Mr. Pistoresi against MID employees. Mr. Pistoresi is the former General Manager and Chairman of the board of directors of the Madera Irrigation District ("MID Board"). Mr. Pistoresi brings his action against other members of the MID Board, Carl Janzen ("Mr. Janzen"), James Anthony Cavallero ("Mr. Cavallero"), Gary Bursey ("Mr. Bursey"), Timothy DaSilva ("Mr. DaSilva"), Cyndi Rascoe ("Ms. Rascoe"), and Dennis Flippo ("Mr. Flippo"), the law corporation representing MID, Stoel Rives, LLP ("Stoel Rives"), and Stoel Rives attorneys Michael A. Campos ("Mr. Campos") and Barbara A. Brenner ("Ms. Brenner").

Mr. Pistoresi alleges that "[b]efore, on or about, and continuing after June 18, 2007," each of named defendants conspired to charge falsely and accuse Mr. Pistoresi of "gross immorality and unprofessional conduct" while Mr. Pistoresi held the position of General Manager and MID Board Chairman. The purpose of the conspiracy was to interfere with Mr. Pistoresi's rights and duties as Chairman and to prevent any contact or association between him and MID, its other directors, employees, customers, and other MID associated persons.

---

[1] All defendants, including the Stoel Rives defendants and the MID defendants, are collectively referred to as "Defendants."

As part of that conspiracy, Mr. Pistoresi alleges, Mr. Janzen, Mr. Cavallero, Ms. Rascoe, Mr. Campos, and Mr. Brenner "enticed, provoked, and conspired" with Mr. Turner to cause Mr. Turner "to physically and orally attack" Mr. Pistoresi. Mr. Pistoresi alleges that on June 18, 2007, Mr. Turner, who was the current MID General Manager, "provoked, threatened, expectorated upon, and attacked" Mr. Pistoresi. Also on June 18, 2007, Mr. Bursey made numerous statements to Mr. Pistoresi, including, "I'll show you who's the boss," and "You're a joke and nothing but a criminal." From June 17, 2007 through December 2007, Mr. Turner used epithets to describe Mr. Pistoresi, in the presence of Mr. Pistoresi and others. In November 2007, Mr. Cavallero, a former police officer who owns guns, told Mr. Pistoresi, "You're done," "You're finished," and "You're not going to be around here much longer."

After the June 18, 2007 incident, defendants filed a complaint against Mr. Pistoresi in Madera County Superior Court, Case No. MCV 036972. Defendants sought a temporary restraining order and injunction to prohibit Mr. Pistoresi from engaging in acts of violence or threats of violence against MID employees. In April 2008, defendants' permanent injunction against Mr. Pistoresi was denied.

On April 8, 2008, defendants published a press release which stated that: (1) Mr. Pistoresi's "behavior is erratic, and unpredictable, leaving most, if not all, of the [MID] employees concerned for their own safety when he steps through the doors of the [MID], as well as in the field; (2) MID sought a "multi-year injunction" against Mr. Pistoresi "to attempt to protect" its 60 employees ; (3) Mr. Pistoresi "was not excluded from any meetings during his tenure as a board member–except while he was suspended during the investigation of his assault on Mr. Turner and other alleged improprieties;" and (4) "Mr. Pistoresi assaulted and battered then-MID General Manager Alan Turner on June 18, 2007."

## **Claims Asserted in the Complaint**

Mr. Pistoresi identifies a single cause of action entitled "violation of civil rights" wherein Mr. Pistoresi asserts:

> As a direct and proximate result of the above-described unlawful and malicious conduct by defendants...committed under color of authority as a state agency, elected officials, representatives, and government agents, the plaintiff suffered grievance bodily harm; inability to serve in his capacity as a public official, attend public meetings, and participate in elections in violation of his rights under the laws and constitution of the United States, in particular the First and Fourteenth Amendments thereof, and 42 U.S.C. §§1971, 1983, 1984, and 1985; 18 U.S.C. §§241 and 242, and in violation of his rights under the laws of the State of California, in particular California Constitution Article 1 §§2(a), 3(a), 3(b), Civil Code §§51.7; 52.1; 3294, defamation, malicious prosecution,

> negligent and intentional infliction of emotional distress, assault and battery, conspiracy and all other claims set form [sic] in plaintiff's government claim form to defendant MID attached hereto as Exhibit "A".

Compl., ¶28. The "Claim Form" attached to Mr. Pistoresi's complaint lists the following as the "injury, damage or loss incurred" by Mr. Pistoresi: "Violations of civil law, assault, battery, false imprisonment, U.S. Constitution and California Constitution, 42 USC §§1983, 1984, 1985, 18 US [sic] §§ 241, 242, 42 USC §1971, Civil Code §§51.7, 52.1, and other violations."

**Factual Allegations in Support of Defendants' Anti-SLAPP Motion**

In support of their anti-SLAPP motions, defendants allege the following facts to be true. On June 18, 2007, Mr. Pistoresi punched and spat on Mr. Turner. Two days later, the MID Employees' Association wrote a letter to the Madera County District Attorney, with a copy to the MID Board, expressing fear for their safety in the workplace as a result of Mr. Pistoresi's behavior. After consulting with outside counsel, Stoel Rives, the MID Board initiated an action against Mr. Pistoresi on June 26, 2007. The MID Board filed a "Petition of Employer for Injunction Prohibiting Violence Against Employees Pursuant to California Code of Civil Procedure 527.8" ("state court action"). On April 7, 2008, the state court action was dismissed. In the dismissing the action, the state court found that: (1) despite his denials, Mr. Pistoresi had been the aggressor and committed an act of violence against Mr. Turner; but (2) in light of the facts that Mr. Pistoresi chose not to stand for re-election to the MID Board, and Mr. Turner was no longer employed by MID, MID did not prove by clear and convincing evidence that Mr. Pistoresi posed a credible threat of future violence against MID employees.

**Factual Allegations in Mr. Pistoresi's Opposition to Stoel Rives defendants' Motions**

In opposition to defendants' motions to dismiss and motions to strike, Mr. Pistoresi includes a 12-page declaration to introduce facts not included in the complaint. Mr. Pistoresi now alleges that this action is based on a political dispute over a proposal to develop a water bank under a piece of property in Madera County, California known as the El Pico Ranch. Mr. Pistoresi claims that the defendants acted in a concerted effort to eliminate him as a factor in how the El Pico Ranch water bank was to operate, who would benefit from its operation, and to whom the water would be sold. Mr. Pistoresi asserts that the June 18, 2007 incident occurred near the end of a dispute which began "years and years" before.

Mr. Pistoresi's declaration details the history of the El Pico Ranch and the water bank plans. Initially, Mr. Pistoresi lead a local opposition to the development of the water bank. After "years and years" of Mr. Pistoresi's opposition, the El Pico Ranch was sold to a subsidiary of Enron. Thereafter, the Enron subsidiary spent between $45 million and $50 million in public relations efforts to gain approval of the El Pico Ranch water bank, which Mr. Pistoresi opposed. After experiencing financial difficulties that lead to liquidation, Enron sold the El Pico Ranch and water bank concept to a Houston based investment group named "Lone Star." Mr. Pistoresi opposed Lone Star's efforts to develop the El Pico Ranch water bank for four years.

In January 2004, the MID Board adopted Mr. Pistoresi's proposal to buy the El Pico Ranch from Lone Star. After its purchase of the El Pico Ranch, the MID board members' opinions diverged on how to proceed. Mr. Bursey advocated to sell the El Pico Ranch to a large vintner. Mr. Pistoresi opposed Mr. Bursey's opinion, and held the "steadfast position that no water from the El Pico Ranch water bank should leave Madera County." Mr. Bursey, Mr. Janzen, and Mr. Cavallero "began to oppose" Mr. Pistoresi "on any and every issue that came up." Mr. Bursey criticized Mr. Pistoresi's actions as MID General Manager and solicited the help of Mr. Janzen and Mr. Cavallero to replace Mr. Pistoresi as MID General Manager. To that end, Mr. Janzen, Mr. Cavallero, and Mr. Bursey expressed their desire to hire a new MID General Manager, and Mr. Pistoresi was placed in charge of the employment search.

After a single interview, Mr. Janzen, Mr. Cavallero, and Mr. Bursey indicated that they wanted to hire Mr. Turner as the new MID General Manager. Mr. Pistoresi voted to hire Mr. Turner "to avoid possible hurt feelings of ill will," and called Mr. Turner to offer him the position. Mr. Campos was unimpressed with Mr. Turner and indicated that Stoel Rives would conduct a background review of him. Mr. Campos later informed Mr. Pistoresi that background review indicated that Mr. Turner had no background or experience in irrigation or water matters in the San Joaquin Valley.

After he was hired, Mr. Turner refused to communicate with Mr. Pistoresi outside of MID Board meetings. Mr. Pistoresi opposed a successful effort by Mr. Turner to implement a policy of non-communication between MID Board members and MID employees. Once the non-communication policy passed, however, Mr. Turner continued to communicate openly with Mr. Bursey, but refused to communicate with Mr. Pistoresi.

Ms. Brenner began to act hostile toward Mr. Pistoresi after he communicated a board decision to limit her MID involvement to environmental matters. Although Mr. Bursey caused the MID Board to issue that decision, Mr. Bursey incited further animosity against Mr. Pistoresi by telling Ms. Brenner that it was Mr. Pistoresi's idea instead of his.

The MID Board's hostile efforts continued against Mr. Pistoresi. The MID Board elected Mr. Janzen to replace Mr. Pistoresi as MID Chairman. Mr. Cavallero became a member of the MID Board to "get rid of" Mr. Pistoresi, told Mr. Pistoresi to "shut...up" at MID Board meetings, and threatened Mr. Pistoresi. Mr. Pistoresi contacted Mr. Campos to discuss the hostile environment he perceived from other members of the MID Board. Mr. Campos told Mr. Pistoresi to take notes of everything because people were "out to get" him.

The June 18, 2007 meeting "was ripe with animosity" toward Mr. Pistoresi from the beginning. Mr. Turner told Ms. Roscoe to go to her office once the meeting ended and lock her door, as "there [was] going to be trouble." The MID Board excluded Mr. Pistoresi from discussions during the first part of the meeting. When he was included, Mr. Pistoresi was not allowed to speak, and Mr. DeSilva told Mr. Pistoresi to "shut...up." After the meeting ended, Mr. Turner confronted him and the altercation ensued.

After the incident, the MID employees' association sent a letter to the district attorney describing Mr. Pistoresi as a "bully" who hides behind his last name. MID employees "turned into sesquipedalians" and filed heavily worded affidavits labeling him as vindictive. The MID Board voted to exclude Mr. Pistoresi from future MID Board meetings. Stoel Rives informed Mr. Pistoresi by letter than he would no longer be allowed to perform his duties as an elected official. Defendants sent the defamatory press release about him to all members of the MID. Anticipating further physical and verbal abuse, Mr. Pistoresi chose not to run for re-election to the MID Board.

After Mr. Pistoresi was excluded from the MID Board, Mr. Turner was terminated as the MID General Manager. Mr. Bursey, Mr. Janzen and Mr. Cavallero moved to sell a 2,900-acre portion of the El Pico Ranch. That portion was sold far below the true value of the property.

**Procedural History**

Mr. Pistoresi initiated this action on June 17, 2008. The Stoel Rives defendants moved to dismiss and strike the complaint on October 3, 2008. The MID defendants filed a notice of joinder as

to the Stoel Rives defendants motion to strike and separately moved to dismiss this action on October 10, 2008. After this Court granted in part Mr. Pistoresi's <u>ex parte</u> motion to continue the hearing date, Mr. Pistoresi opposed the Stoel Rives defendants' motion on November 12, 2008. The Stoel Rives defendants then filed a motion for sanctions, pursuant to Rule11, on November 14, 2008. All defendants replied to Mr. Pistoresi's oppositions on November 19, 2008. Mr. Pistoresi filed a "Notice of Errata" on November 20, 2008 in an effort to incorporate the MID defendants in his previously-filed opposition. The MID defendants requested to strike Mr. Pistoresi's errata notice on the same day. The Court found this motion suitable for decision without a hearing, vacated the November 26, 2008 hearing pursuant to Local Rule 78-230(h), and issues the following order.

## STANDARDS OF REVIEW

### Motion to Dismiss

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### Motion to Strike

Defendants argue that Mr. Pistoresi's state law claims should be dismissed pursuant to California's anti-SLAPP statute. The anti-SLAPP statute, Cal. Code. Civ. P. §425.16, provides a procedure by which a defendant can obtain early dismissal of a meritless lawsuit that arises from the defendant's exercise of Constitutional rights. "[T]he point of the anti-SLAPP statute is that you have

a right *not* to be dragged through the courts because you have exercised your constitutional rights." *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 193 (2005) (emphasis in original). Courts considering a motion to strike pursuant to Cal. Code Civ. P. 425.156 engage in a two-step analysis. *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003). "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id*. at 733 (quoting *Equilon Enters. v. Consumer Cause, Inc*., 29 Cal. 4th 53, 67 (2002)). Second, if "the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.* "[T]he plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002).

**Motion for Sanctions**

The Stoel Rives defendants move this Court to impose sanctions against Mr. Pistoresi and his counsel pursuant to Rule 11. The Stoel Rives defendants argue that Mr. Pistoresi's complaint is unsupported by law or fact. Rule 11 makes every signature on a pleading, motion, or other paper a certification of the merits of the documents signed and authorizes sanctions for a violation of the certification. Specifically, Rule 11 certification requires that any pleading, written motion, or paper presented to the court:

> (1) [] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) [] are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law for establishing a new law; [and/or]
> (3) [] have evidentiary support [for factual allegations], or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11(b)(1)-(3). Rule 11 places an affirmative duty on attorneys and litigants to make a reasonable investigation of the facts and the law before signing and submitting a document to the Court. *Estate of Blue v. County of Los Angeles,* 120 F.3d 982, 985 (9th Cir. 1997).

A pleading, motion or other paper is frivolous if, at the time of filing, a competent attorney, after reasonable investigation, could not have determined that a well-founded basis in fact and in law or a

1  good faith argument for extension of the law supported the filing. *Zaldivar v. City of Los Angeles*, 780
2  F.2d 823, 830 (9th Cir. 1986). Subjective bad faith is not necessary to impose sanctions under Rule 11.
3  *Id*. The reasonableness of a position taken in a document is to be determined in light of the situation
4  existing, and the facts known, at the time the pleading, motion, or other paper was signed, filed, or
5  presented. *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir. 1987).

6  A legal contention is not warranted by existing law if it is based on legal theories that are
7  foreclosed by well-established legal principles and authoritative precedent, unless the advocate plainly
8  states that he or she is arguing for a reversal or change of law. *Stewart v. American Int'l Oil & Gas. Co.*,
9  845 F.2d 196, 201 (9th Cir. 1986). The standard is violated if "no plausible, good faith argument can
10 be made by a competent attorney to the contrary." *Zaldivar*, 780 F.2d at 833.

11 With these standards in mind, this Court turns to defendants' arguments.

## DISCUSSION

13 As the parties briefed the motions currently under review, the allegations changed and the claims
14 asserted narrowed. In opposition to the Stoel Rives defendants' motions to dismiss and strike, Mr.
15 Pistoresi attempts to re-frame the basis of his action by including 12 pages of additional allegations. In
16 his memorandum, Mr. Pistoresi appears to abandon certain claims cited in his complaint. Thus, the
17 defendants' arguments shifted. Defendants argue that this Court should dismiss and strike both the
18 allegations of the complaint and the allegations in Mr. Pistoresi's declaration. As a result, the current
19 state of the pleadings has become confused.

20 This Court takes the following approach to resolve the five motions under submission. First, the
21 Court considers whether to review Mr. Pistoresi's declaration in association with the defendants' motion
22 to dismiss. Second, the Court will address Mr. Pistoresi's abandonment of certain legal claims and
23 identify which causes of action he asserts in his complaint. Third, the Court will resolve the motions
24 to dismiss Mr. Pistoresi's federal claim. Fourth, the Court will resolve the parties' motion to strike Mr.
25 Pistoresi's state claim. Fifth, the Court will address the Stoel Rives' defendants' Rule 11 motion for
26 sanctions. Finally, the Court will consider whether to grant Mr. Pistoresi leave to amend his complaint.

### Mr. Pistoresi's Declaration

28 The Court first considers whether to review Mr. Pistoresi's declaration filed in support of his

opposition to the Stoel Rives defendants' motion to dismiss. Mr. Pistoresi's 12-page declaration is comprised of allegations not found in the complaint. Mr. Pistoresi argues that this Court may consider his declaration, because a Rule 12(b)(6) motion "is treated the same as a Motion For Summary Judgment under FRCP 56." In their reply, the Stoel Rives defendants argue that this Rule 12(b)(6) motion is not converted to a Rule 56 motion. In addition, the Stoel Rives defendants acknowledge that in light of Mr. Pistoresi's abandonment of the original allegations, and his reliance on the additional allegations, this Court may dismiss the complaint with leave to amend his complaint to allow Mr. Pistoresi to include the additional allegations. However, the Stoel Rives defendants ask this Court to take the following alternative procedure: (1) consider all of the facts offered in Mr. Pistoresi's opposition "as if they had been alleged in the Complaint;" and (2) dismiss this case in its entirety without leave to amend. For the reasons discussed below, this Court finds that the motions to dismiss have not been converted to summary judgment motions and Mr. Pistoresi's declaration must be stricken.

The instant motions to dismiss have not been converted to motions for summary judgment. Rule 12(d) reads: "*If,* on a motion under Rule 12(b)(6) or 12(c), *matters outside the pleadings are presented to and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." (emphasis added). Mr. Pistoresi ignores the conditional language of the rule to assert that a Rule 12(b)(6) motion is always treated as a Rule 56 motion. However, a "Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude for its consideration of the motion the supporting materials." *Finely Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp*., 109 F.3d 993, 997 (9th Cir. 1997). Here, the Court does not consider matters outside of the pleadings to rule on the Rule 12(b)(6) motions currently under submission. For purposes of the Rule 12(b)(6) motions, the Court excludes from its consideration the declarations of Campos and Brenner, filed to support the motions to strike, pursuant to Cal. Code Civ. P. §§1710.4 and 425.16. Similarly, this Court excludes from its consideration Mr. Pistoresi's declaration, which is offered outside of the pleadings, in opposition of the 12(b)(6) motions. Accordingly, the Rule 12(b)(6) motions did not convert to motions for summary judgment. *Swedberg v. Marotzke*, 339 F.3d 1139, 1142-45 (9th Cir. 2003).

///

In addition, for purposes of the Rule 12(b)(6) motions, this Court cannot consider properly the allegations made in Mr. Pistoresi's declaration. In considering the motions to dismiss for failure to state claim, this Court is limited to assessing the legal sufficiency of allegations contained within four corners of complaint. *Jojola v Chavez*, 55 F.3d 488 (10th Cir. 1995). The Court only considers those facts and allegations set forth in the complaint. *Balisteri*, 901 F.2d at 699. The scope of review is limited, and the inquiry of the Court focuses on whether the plaintiff should be entitled to offer evidence in support of his or her claims. *Cahill,* 80 F.3d at 337. The Court declines defendants' invitation to treat Mr. Pistoresi's declaration as an amended complaint. To do so would go beyond the bounds of this Court's limited  Rule 12(b)(6) review and any recognized legal precedent. Moreover, it would deprive the parties of a proper briefing schedule as required by this Court's Local Rule 78-230. Accordingly, this Court strikes Mr. Pistoresi's declaration filed in opposition to defendants' Rule 12(b)(6) motions.

### **Claims Asserted**

Defendants understood Mr. Pistoresi to assert a separate cause of action for each of the Constitutional provisions, statutes, and common law torts identified in the complaint and claim form. As a result, defendants moved to dismiss each of them. As to the federal claims, defendants argued that they should be dismissed because: (1) there is no private right of action (18 U.S.C. §§241, 242, 42 U.S.C. §1971), (2) the statute does not exist (42 U.S.C. §1984); (3) the statute is inapplicable (42 U.S.C. §1985); and (4) Mr. Pistoresi failed to state a claim (42 U.S.C. §1983). As to the state law claims, defendants argues that Mr. Pistoresi failed to state a claim (Cal. Civ. Code §§51.7, 52.1, defamation, malicious prosecution, emotional distress), or Mr. Pistoresi is barred from asserting a claim (conspiracy, assault and battery).

In opposition, Mr. Pistoresi asserts that his "single Cause of Action for Violation of Civil Rights seeks redress for the deprivation of his rights, privileges, and immunities secured by the Constitution of the United States and the Constitution of the State of California, as allowed by 42 U.S.C. §1983 and California Civil Code §52.1." Mr. Pistoresi explains that the "inclusion of other statutes and torts serve as descriptors for the conduct that the Defendants' engaged in to effectuate the Civil Rights Violations." Mr. Pistoresi then describes how certain statutes and torts "illustrate[] the disfavor of the people of the United States" and "describe the extent of the Defendants' conduct."

1    This Court properly dismisses the claims abandoned by Mr. Pistoresi in his opposition. Mr. Pistoresi clearly abandons those causes of action he includes as "descriptors." Accordingly, this Court dismisses the following causes of action: 18 U.S.C. §§241-242; 42 U.S.C. §1971; 42 U.S.C. §1985; and Cal. Civ. Code §51.7.

Further, the Court finds that Mr. Pistoresi violates Rule 8(a) by asserting legal theories of recovery not explicitly identified or dismissed. Although Mr. Pistoresi claims in opposition that his single civil rights cause of action is narrowed to 42 U.S.C. §1983 and California Civil Code §52.1, he continues to argue that he has stated a claim for certain torts, including defamation and assault and battery. The Court notes further that although provisions of the United States Constitution and California Constitution are identified in the complaint, defendants do not move to dismiss them. However, in his opposition, Mr. Pistoresi fails to identify them as a cause of action. As a result, there are legal theories included in the complaint that all parties ignore. Defendants, and this Court, cannot identify what claims Mr. Pistoresi asserts in his complaint, and the defendants have been unable to develop a defense as a result. For violating Rule 8(a), this Court limits Mr. Pistoresi's claims to those identified in his opposition. Accordingly, Mr. Pistoresi moves forward on a single civil rights cause of action to assert one federal claim, 42 U.S.C. §1983, and one state claim, California Civil Code §52.1. All other claims are dismissed.

## Motion to Dismiss–Federal Claim

Mr. Pistoresi narrows his federal claims to a single cause of action pursuant to 42 U.S.C. §1983 ("Section 1983"). To state a claim for relief under Section 1983, Mr. Pistoresi must demonstrate that the defendants: (1) were acting under color of state law, and (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (citing *Tongol v. Usery,* 601 F.2d 1091, 1097 (9th Cir. 1979)).

The Stoel Rives defendants argue that Mr. Pistoresi's Section 1983 claim against them must fail, because they are not state actors, did not act under color of state law, and Mr. Pistoresi's factual allegations do not support his claim that there was a Constitutional violation. The Stoel Rives defendants correctly point out that private attorneys are not state actors simply because they have been retained to advise or represent a public body. *See e.g., Pelligrino Food Prod. Co. v. City of Warran*, 136

F.Supp.2d 391, 409 (W.D. Pa. 2000) (dismissing civil rights claims against private attorneys who represented city). Moreover, while joint action or a conspiracy with public officials to violate a party's civil rights may turn a private party into a "state actor" for purposes of Section 1983, conclusory allegations of such conduct are insufficient to survive a motion to dismiss. *Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). The MID defendants argue that allegations of fact regarding the alleged conspiracy or joint action are totally absent. Additionally, the MID defendants argue that Mr. Pistoresi is unable to allege a Constitutional violation on the facts contained in the complaint.

Mr. Pistoresi does not challenge meaningfully defendants' motions to dismiss his Section 1983 cause of action. Mr. Pistoresi's scant opposition cites no authority to support his position that a Section 1983 cause of action is proper against the Stoel Rives defendants, as private parties. Mr. Pistoresi leaves unaddressed the MID defendants' arguments in support of their motion to dismiss. In addition, Mr. Pistoresi fails to explain how defendants allegedly violated his Constitutional rights, and fails to identify which Constitutional rights are implicated by the facts alleged in his complaint.

Mr. Pistoresi fails to state a claim pursuant to Section 1983. Mr. Pistoresi's allegations are insufficient, as they are unclear as to how the parties acted in jointly or in concert. *Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). Further, Mr. Pistoresi fails to identify which Constitutional rights he claims were violated. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's element's will not do." *Twombly*, 127 S.Ct. at 1964-65. Mr. Pistoresi's formulaic recitation of the Section 1983 cause of action, without more, is insufficient to survive the present motions to dismiss.

### Motions to Strike–State Law Claim

Mr. Pistoresi narrows his state law claim to a civil rights action pursuant to California Civil Code §52.1. Defendants move to dismiss Mr. Pistoresi's state law cause of action pursuant to California's

anti-SLAPP statute, Cal. Code. Civ. P. §425.16. The state anti-SLAPP statute applies to state law claims in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

As discussed above, the first step in an anti-SLAPP analysis is for the defendants to make an initial prima facie showing that Mr. Pistoresi's action "aris[es] from" activity protected by the anti-SLAPP statute. *Brill Media Co. v. TCW Group, Inc.*, 132 Cal. App. 4th 324, 329 (2005). "[T]he critical point is whether the plaintiff's cause of action is *based on* an act in furtherance of the defendant's right of petition or free speech." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) (emphasis in original). According to Cal. Code Civ. P. §425.16, an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:

> (1) any written or oral statement or writing made before a legislative, executive or judicial proceeding, or any other official proceeding authorized by law; [or]
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.

The Court determines that this action is based on the state court action defendants pursued against Mr. Pistoresi. In determining whether defendant have met their initial burden of establishing that Mr. Pistoresi's action arises from protected activity, the Court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code Civ. P. § 425.16 (b)(2); *see also City of Cotati*, 29 Cal.4th at 79. For this motion, the Court properly considers Mr. Pistoresi's declaration as well as the declarations of Mr. Campos and Ms. Brenner, filed by the Stoel Rives defendants. *Dupont Merck Pharmaceuticals Co. v. Superior Court (Newman)*, 78 Cal. App. 4th 562, 568 (2000) (plaintiff may include competent, admissible evidence, shown by declarations within the declarant's personal knowledge). From the allegations of the complaint, Mr. Pistoresi faults defendants for initiating the state action against him after the June 18, 2007 incident and issuing the press release in conjunction with the state action. Although Mr. Pistoresi's declaration attempts to re-frame this action as a long-standing dispute over the El Pico Ranch water bank, that dispute is not mentioned in the pleading and is not reasonably construed from the allegations of the complaint.

Because this action is based on the state court action, defendants make a prima facie showing that

Mr. Pistoresi's claims arise from defendants' protected activity. Resort to the courts is protected activity. *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1115 (1999) ("The constitutional right to petition...includes the basic act of filing litigation..."). An anti-SLAPP motion is available to strike lawsuits that seek to penalize earlier litigation or to inhibit future litigation. *Navellier v. Stetten*, 29 Cal. 4th 89, 124 (2002). The anti-SLAPP motion applies to Mr. Pistoresi's allegation regarding the press release as well. *See Briggs*, 19 Cal. 4th at 1123 (any statements, writings, or pleadings made in connection with civil litigation are covered by the anti-SLAPP statute); *see also*, *Flatley v. Mauro*, 39 Cal. 4th 299, 323 (2006) (recognizing that California courts look to the litigation privilege in determining whether a communication falls within the anti-SLAPP motion).

Even if this Court were to consider Mr. Pistoresi's action to challenge the broader El Pico Ranch water bank dispute, the Court finds that Mr. Pistoresi's action is based on protected activity. Mr. Pistoresi challenges the MID Board members' votes and expressions of opinion on a matter of public concern–the El Pico Ranch water bank. Mr. Pistoresi complains that the MID Board members opposed his positions, hired a new MID General Manager to replace him, and voted against him at MID Board meetings. Mr. Pistoresi faults certain defendants for refusing to talk with him. The opinions expressed by the MID Board members, their votes, and their communication choices, are an exercise of their free speech, which is protected activity. *See City of Cotati*, 29 Cal.4th at 79. Accordingly, defendants make a prima facie showing that Mr. Pistoresi's claims arise from defendants' protected activity.

Because defendants have met their burden to show that Mr. Pistoresi's state law claim arises from protected activity, the burden shifts to Mr. Pistoresi to demonstrate a probability of prevailing on the merits. *Navarro v. IHOP Properties*, 134 Cal. App. 4th 834, 839 (2005). To do so, Mr. Pistoresi must make a prima facie showing of facts that would, if proved at trial, support a judgment in his favor. *Chavez v. Mendoza,* 94 Cal. App. 4th 1083, 1087 (2001). To establish a probability of prevailing, Mr. Pistoresi "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Navellier*, 29 Cal. 4th at 88-89. The issues in an anti-SLAPP motion are framed by the pleadings. *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 655 (1996), but Mr. Pistoresi may not rely solely on his complaint. Instead, the proof must be made upon competent admissible

evidence. *ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1010 (2001). In reviewing Mr. Pistoresi's evidence, the Court does not weigh it; rather, it simply determines whether the Mr. Pistoresi has made a prima facie showing of facts necessary to establish his claim at trial. *Paulus v. Bob Lynch Ford, Inc*., 139 Cal. App. 4th 659, 672-673 (2006).

California Civil Code section 52.1(b) allows Mr. Pistoresi to sue for damages if defendants interfered, or attempted to interfere, "by threats, intimidation, or coercion, with the exercise or enjoyment of [his] constitutional or statutory rights." *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 841 (2004). Accordingly, to state a claim pursuant to Cal. Civ. Code 52.1, Mr. Pistoresi must show that there was interference with his constitutional or statutory rights. "Without any violation, there is no conduct upon which to base any claim under Civil Code section 52.1." *Thompson v. County of Los Angeles*, 142 Cal. App. 4th 154, 173 (2006).

Mr. Pistoresi fails to establish a probability of success on the merits of his Cal. Civ. Code §52.1 claim. Mr. Pistoresi does not explain how the defendants acted in concert to deprive him of his civil rights and has failed to identify what constitutional rights were violated. Mr. Pistoresi's allegations, supported by his declaration, demonstrate that Mr. Pistoresi and Mr. Turner had an altercation on June 18, 2007. Mr. Pistoresi does not demonstrate that Mr. Turner, or any of the other defendants, used coercion or threats to deprive him of a constitutional right. In addition, despite the lengthy declaration, the Court notes an absence of allegations against the Stoel Rives defendants. Accordingly, this Court grants defendants' anti-SLAPP motion. *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 676 (2005) (a showing that there is a complete defense to a plaintiff's claims as a matter of law requires that an anti-SLAPP motion be granted).

**Motion for Sanctions**

The Stoel Rives defendants move for sanctions against Mr. Pistoresi and his counsel for filing this action against Stoel Rives. The Stoel Rives defendants argue that the theories in the complaint are not warranted by existing law and have no evidentiary basis. The Stoel Rives defendants contend that each claim is frivolous as a matter of law and as a matter of fact, and assert that the conclusory allegations confirm that neither Mr. Pistoresi, nor his attorney, performed a factual investigation to support the allegations. The Stoel Rives defendants conclude that this action "is a classic example of

the type of reckless pleading that Rule 11 was meant to deter."

The Court dismisses without prejudice the motion for sanctions. The Rule 11 motion for sanctions is based on the complaint, which the Court dismisses herein. The Court notes that Rule 11 requires a 21-day waiting period to allow the challenged paper to be withdrawn or corrected. Rule 11(c)(2). The Stoel Rives defendants provide no declaration that this motion was filed after the waiting period. Because this Court dismisses the complaint, Mr. Pistoresi and his counsel have an opportunity to withdraw or correct the challenged action; namely, the complaint filed in this action against the Stoel Rives defendants. The Stoel Rives defendants may renew their motion if: (1) Mr. Pistoresi and his counsel choose to file an amended complaint, (2) after reviewing the amended complaint, if any, the Stoel Rives defendants continue to hold the positions expressed in their Rule 11 motion; and (3) there has been full compliance with Rule 11(c)(2).

**Leave to Amend**

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 246-47. This Court cannot determine that amendment of Mr. Pistoresi's complaint would be futile in its entirety, because, as discussed more fully above, Mr. Pistoresi's complaint fails to comply with Rule 8(a). Thus, this Court cannot determine what claims Mr. Pistoresi attempts to state or, whether Mr. Pistoresi is able to state a claim successfully. Mr. Pistoresi is granted leave to amend his complaint, but is cautioned that he should not base his amended complaint on facts determined in this order to be protected activity. An amended complaint that includes allegations herein adjudged to be barred by California's anti-SLAPP statute would be futile and subject to sanctions. Caution is suggested in determining whether or not to file an amended complaint.

**CONCLUSION AND ORDER**

For the foregoing reasons, this Court:

1. STRIKES Mr. Pistoresi's declaration filed in opposition to the Stoel Rives' defendants motion to dismiss;

2. DISMISSES the claims abandoned by Mr. Pistoresi;

3. GRANTS defendants' motions to dismiss Mr. Pistoresi's federal claim (Docs. 8, 18);

|     |     |     |
| --- | --- | --- |
| 1   | 4.  | GRANTS defendants' motions to strike Mr. Pistoresi's state law claim (Docs. 10, 14); |
| 2   | 5.  | DENIES without prejudice the Stoel Rives defendants' motion for sanctions (Docs. 32, 33); |
| 4   | 6.  | GRANTS Mr. Pistoresi leave to amend; |
| 5   | 7.  | VACATES the December 22, 2008 hearing on the Rule 11 motion; and |
| 6   | 8.  | ORDERS Mr. Pistoresi to file an amended complaint, if any, in compliance with this Court's order, **no later than December 10, 2008.** If Mr. Pistoresi chooses not to file an amended complaint, Mr. Pistoresi must file dispositive papers to dismiss this action **no later than December 10, 2008.** Failure to comply with this Court's order will result in sanctions, including dismissal of this action with prejudice. |

IT IS SO ORDERED.

**Dated:     November 25, 2008**                    /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE