Joseph A. Uremovic #072995
LAW OFFICES OF JOSEPH A. UREMOVIC
Attorneys at Law
Post Office Box 5654
Fresno, CA 93755-5654
(559) 446-0600

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON PISTORESI,<br><br>        Plaintiff,<br><br>    v.<br><br>MADERA IRRIGATION DISTRICT, a California Agency;<br>GARY BURSEY, Individually and as a Board member of Madera Irrigation District;<br>CARL JANZEN, Individually and as a Board member of Madera Irrigation District; and,<br>JAMES ANTHONY CAVALLERO, Individually and as a Board member of Madera Irrigation District;<br><br>        Defendants. | CASE NO.: 1:08-CV-00843-LJO-DLB<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff RON PISTORESI complains against the Defendants, and each of them, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 (a) in that Plaintiff has brought the instant civil action pursuant to 42 USC §1983 for

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

1

Case No.: 1:08-CV-00843-LJO-DLB
FIRST AMENDED COMPLAINT

violations of First Amendment rights under the United States Constitution. This Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

2. Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. 1391 (b)(2) in that the alleged violations of Plaintiff's federal and state law rights occurred within the geographical boundaries of the Eastern District of California

3. Plaintiff filed the required Governmental Tort Claim on December 14, 2007. Said claim was rejected on December 19, 2007.

## IDENTIFICATION OF THE PARTIES

4. Plaintiff Ron Pistoresi is an adult citizen of the United States of America and a domiciliary of the State of California.

5. Defendant MADERA IRRIGATION DISTRICT (hereinafter called "MID") is, and at all times mentioned here was an entity which is a political sub-division of the State of California.

6. Defendant CARL JANZEN, (hereinafter "JANZEN") is, and at all times mentioned was, a member of the board of directors for MID (hereinafter "BOARD").

7. Defendant JAMES ANTHONY CAVALERO, (hereinafter "CAVALERO") is, and at all times mentioned was, a member of the BOARD.

8. Defendant GARY BURSEY, (hereinafter "BURSEY") is, and at all times mentioned was, a member of the BOARD.

## FACTUAL ALLEGATIONS

9. Plaintiff was an elected member of the MID BOARD and served in that capacity for period of 14 years beginning in 1993. During the later period of approximately eight (8) years of that service, plaintiff was elected Chairman of the BOARD by fellow board members. For a period of approximately two years

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

2
Case No.: 1:08-CV-00843-LJO-DLB
FIRST AMENDED COMPLAINT

ending in March, 2007, plaintiff performed the duties of General Manager of MID without pay or other compensation.

10. Defendants BURSEY, JANZEN and CAVALERO, comprising a majority of the BOARD, and desirous of preventing the plaintiff from speaking at and attending BOARD meetings, conspired to prevent plaintiff from speaking at and attending BOARD meetings.

11. In 2007, defendants BURSEY, JANZEN, and CAVELERO, as a majority of the BOARD, voted to suspend plaintiff as a member of the BOARD. Thereafter, defendant JANZEN wrote a letter to plaintiff stating that plaintiff was suspended from the BOARD and indicated that plaintiff would not be allowed to attend BOARD meetings thereafter.

12. In 2007, MID, to prevent plaintiff from attending and speaking at BOARD meetings, hired a private security company and instructed that entity to prevent plaintiff from attending BOARD meetings. The private security company was instructed to use force against plaintiff to prevent plaintiff from entering the building where BOARD meetings were held. Management of the security company apprised plaintiff that should he, plaintiff, attempt to enter the building where the BOARD meetings were to take place, the security company manager had been instructed to use physical force against plaintiff. Because of this threat of physical force against plaintiff by MID, and the individual defendants, plaintiff was intimidated to the degree that he did not attempt to attend further BOARD meetings nor speak publically about MID issues.

13. MID cancelled BOARD meetings that plaintiff, as a BOARD member, was entitled to attend and held secret meetings without providing notice to plaintiff. MID withheld BOARD and other information from plaintiff, that as a BOARD member, plaintiff was entitled to have.

///
///

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

CAUSE OF ACTION
(VIOLATION OF CIVIL RIGHTS)
(42 USC 1983 & California Civil Code § 52.1)

14. The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 13 in their entirety, as if fully set forth herein.

15. Defendants MID, BURSEY, JANZEN and CAVALERO engaged in the above described acts under color of law: MID is a state agency and the individual defendants were acting in their capacities as BOARD members of MID.

16. As a direct and proximate result of above-described conduct by defendants MID, BURSEY, JANZEN, and CAVALERO, plaintiff was deprived of rights, privileges, and immunities secured by the Constitution and laws of the United States and by the Constitution and laws of the State of California in that the defendants prevented plaintiff from serving in his capacity as a public official, i.e., attending public meetings, engaging in public speech, representing his constituents, voting on MID matters, and participating in elections. These deprivations are actionable under 42 U.S.C. §1983, and Cal. Civ. Code § 52.1.

17. Defendant MID's hiring of a private security company and directing said private security company to use physical force against plaintiff to prevent him from entering the building where MID BOARD meetings were to be held, and the private security company then notifying the plaintiff that physical force would be used to prevent him from entering the building where MID BOARD meetings were being held constituted coercion, intimidation, and threatened use of force against plaintiff should he engage in the above described conduct protected guaranteed by the Constitution and laws of the United States and state of California violates Cal. Civil Code § 52.1.

///
///
///

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600

4
Case No.: 1:08-CV-00843-LJO-DLB
FIRST AMENDED COMPLAINT

18. As a direct and proximate of the wrongful conduct of the Defendants MID, BURSEY, JANZEN, and CAVALERO, the plaintiff suffered substantial damages, including, but not by way of limitation, personal injury and severe emotional distress, as well as costs of suit.

19. The plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. 1988.

WHEREFORE, plaintiff prays judgment on the cause of action against defendants as follows:

1. For general damages according to proof;

2. For attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. 1988;

3. For punitive damages against the individual defendants;

4. For interest as allowed by law;

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

LAW OFFICES OF
JOSEPH A. UREMOVIC

Dated: December 10 , 2008.          By:    /s/ Joseph A. Uremovic
                                         Joseph A. Uremovic,
                                         Attorneys for Plaintiff

5
Case No.: 1:08-CV-00843-LJO-DLB
FIRST AMENDED COMPLAINT

LAW OFFICES OF
JOSEPH A. UREMOVIC
P.O. BOX 5654
FRESNO, CA 93755-5654
TELEPHONE
(559) 446-0600