# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON PISTORESI, | CASE NO. CV-F-08-843-LJO-DLB |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEYS FEES** (Docs. 56, 60) |
| v. | |
| MADERA IRRIGATION DISTRICT, LESLIE ALAN TURNER, CARL JANZEN, JAMES ANTHONY CAVALLERO, TIMOTHY DESILVA, RASCOE CINDI, GARY BURSEY, MADERA DISTRICT EMPLOYEE ASSOCIATION, DENNIS FLIPPO, MICHAEL CAMPOS, BARBARA BRENNER, and STOEL RIVES, LLP, | |
| Defendants. | |

## INTRODUCTION

Defendants Stoel Rives LLP, Michael A Campos, and Barbara A. Brenner's (collectively "Stoel Rives defendants") and defendants Madera Irrigation District, Carl Janzen, James Anthony Cavallero, Gary Bursey, Timothy DaSilva, Cyndi Rascoe, and Dennis Flippo's (collectively "MID defendants'") separately move for attorneys fees, pursuant to Cal. Code Civ. Proc. §425.16, against plaintiff Ron Pistoresi ("Mr. Pistoresi"). Defendants[1] argue that they are entitled to attorneys' fees based on this Court's order to grant the special motions to strike Mr. Pistoresi's complaint pursuant to Cal. Code Civ.

---
[1] All defendants are collectively referred to as "Defendants."

Proc. §425.16, California's "anti-SLAPP statute." Having considered the parties' requests, this Court GRANTS in part and DENIES in part the parties' motions.

## BACKGROUND

On November 25, 2008, this Court issued its Order on Defendants' Motions to Dismiss and Strike and Motion for Sanctions (Doc. 44) ("Order to Dismiss and Strike"), in which this Court dismissed claims abandoned by Mr. Pistoresi; granted defendants' motions to dismiss Mr. Pistoresi's federal claim; granted defendants' motions to strike Mr. Pistoresi's state claim; denied without prejudice the Stoel Rives defendants' motion for sanctions; and granted Mr. Pistoresi leave to amend. By notice on December 31, 2008, the Stoel Rives defendants moved for attorneys fees. The MID defendants moved for attorneys fees on January 9, 2009. Mr. Pistoresi opposed the motions on January 20, 2009 and January 23, 2009. The Stoel Rives defendants replied on January 26, 2009. The MID defendants replied on February 4, 2009. Having considered the parties memoranda in support, opposition, and reply to the motions, including all attachments, this Court vacates the February 9, 2009 hearing, pursuant to Local Rule 78-230(h), and issues the following order.

## STANDARD OF REVIEW

"A prevailing defendant on a special motion to strike [pursuant to Cal. Code Civ. Proc. 425.16(b)] shall be entitled to recover his or her attorneys' fees." Cal. Code Civ. Proc. §425.16(c). To calculate a reasonable attorneys fees award, the Court uses the "lodestar adjustment method." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). " The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id*. "In referring to '*reasonable*' compensation...courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132 (emphasis in original).

An award of attorneys' fees to a prevailing defendant "is usually mandatory." *Christian Research Institute v. Alnor*, 165 Ca. App. 4th 1315, 1321 (2008). In enacting the attorneys' fees statute, the California "Legislature, however, did not intend recovery of fees and costs as a windfall." *Christian*

*Research Institute* v. Alnor, 165 Cal. App. 4th 1315, 1321 (2008); *see also Olsen v. Harbison*, 134 Cal. App. 4th 278, 283 (2005) (noting "ironic unintended consequence that anti-SLAPP procedures, enacted to curb abusive litigation, are also prone to abuse."). "This section authorizes the court to make an award of reasonable attorneys fees to a prevailing defendant which will adequately compensate the defendant for the expense of responding to a baseless lawsuit." *Dove Audio v. Rosenfeld*, 47 Cal. App. 4th 777, 785 (1996). Thus, the "court [is] not bound by the amount sought be defendants and ha[s] discretion to award them a lesser sum." *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995).

## DISCUSSION

### Stoel Rives' Defendants' Motion

The Stoel Rives defendants' updated fee request totals $124,941.00. This amount consists of $75,768 incurred by the attorneys of Allen Matkins Leck Gamble Mallary & Natsis LLP ("Allen Matkins") with respect to the successful anti-SLAPP motion and motion to dismiss; $21,053 for the preparation of the instant motion for attorneys fees; and $28,120 for the time spent by Stoel Rives' partner Edward C. Duckers ("Mr. Duckers") in assisting counsel to prepare for the motions to dismiss and strike. For the Stoel Rives defendants' request, this Court considers: (1) the reasonableness of the fee request; (2) whether the motion to dismiss and motion to strike were "inextricably intertwined;" and (3) whether the recovery for Mr. Duckers' fees is appropriate.

### Reasonableness of Request

The Court begins by determining the reasonableness of the attorneys' fee request. "To calculate attorneys fees, this Court begins with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting litigation of the same type." *Serrano v. Unruh*, 32 Cal. 3d 621, 625 (1982). The reasonable value of attorney services is defined as the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Id*. at 640. "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (quotations and citation omitted).

///

The hourly rates charged by the Allen Matkins attorneys and paralegals are excessive, as they are significantly above the prevailing rate for private attorneys in this Court's community. Stephen Walters ("Mr. Walters"), an experienced and skilled attorney, has a billing rate of $605 per hour. Yadira Taylor ("Ms. Taylor"), as associate admitted to practice in 2007, charges at a billing rate of $270 per hour. The two paralegals involved in this action charged $210 and $180 per hour. The excessive nature of the rates charged by Allen Matkins becomes clear when compared with the hourly rates of the attorneys and paralegals of LaMore, Brazier, Riddle & Giampaoli ("Lamore, Brazier"), who also seek to recover attorneys fees against Mr. Pistoresi (as discussed separately below). According to the declaration of Thomas S. Brazier ("Mr. Brazier"), Lamore, Brazier charges $150 an hour for the name partner's work, $135 for the associate attorney, and $75 for paralegal work.

"To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchum*, 24 Cal.4th at 1138. Because this Court finds that the hourly fees charged by the Allen Matkins attorneys and paralegals are excessive, the Court uses its broad discretion to adjust downward the fee request. The Court finds that a reasonable rate in this community for someone of Mr. Walters experience and skill is $350 per hour, the reasonable rate for Ms. Taylor is $135 per hour, and the reasonable rate for the paralegal's work is $100 per hour. At this rate, the fees charged by Allen Matkins to work on the motion to dismiss and motion to strike is reduced from $75,768 to $41,984.50. The Court arrived at this award by adding together the adjusted fees for Mr. Walters ($350 per hour for 86.1 hours); Mr. Taylor ($135 per hour for 85.7 hours) and the paralegals ($100 an hour for 2.8 hours).

The parties do not dispute that Stoel Rives defendants are entitled to recover for fees related to the instant motion. The Stoel Rives defendants request a total of $21,053 for a total of 55 hours worked by Mr. Walters, Ms. Taylor, and Ms. Manfreda, Allen Watkins' paralegal. Mr. Walters billed a total of 19.1 hours for this motion, Ms. Taylor billed 33.6 hours, and Ms. Manfreda, Allen Watkins' paralegal, billed 2.3 hours. As discussed more fully above, this Court will adjust downward this request and award reasonable fees according to the prevailing rate for this community. After adjustment, the Stoel Rives defendants may recover a total of $11,451, as the sum of the number of hours worked by the reasonable rate for that professional.

4

**Inextricably Intertwined**

The Stoel Rives defendants adjusted fee of $41,984.50 includes the preparation and defense of a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), as well as the anti-SLAPP motion. The Stoel Rives' defendants argue that they should recover for work on the motion to dismiss, because that motion was "inextricably intertwined" with the anti-SLAPP motion.

Generally, "[t]he prevailing party attorney fee provision under the special motion to strike the complaint under the anti-SLAPP statute applies only to the motion to strike, and not the entire action." *S.B. Beach Properties v. Berti*, 39 Cal. 4th 374, 381(2006); *Platypus Wear, Inc. v. Goldberg*, 166 Cal. App. 4th 772 (2008). However, some courts have ruled that a prevailing anti-SLAPP defendant may recover all attorneys' fees and costs "incurred in connection with" a successful special motion to strike. *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221-24 (S.D. Cal. 2002). Under this approach,

> [a]ll expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under California's anti-SLAPP statute, where there are both anti-SLAPP and non-anti-SLAPP causes of action, and those fees need not be apportioned; but mere common issues of fact are insufficient to award all fees when legal theories do not overlap are not inextricably intertwined.

*Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1184 (S. D. Cal. 2008).

The motions to dismiss and special motion to strike were not inextricably intertwined by common issues of fact and law. In resolving the motion to dismiss, this Court did not consider the additional allegations and documents filed by the parties in support of the motion to strike. The Court struck Mr. Pistoresi's declaration filed in opposition to the motions, and ruled that "the Court does not consider matters outside of the pleadings to rule on the Rule 12(b)(6) motions." Order to Dismiss and Strike, 10. The allegations of the complaint differed markedly from the facts alleged by both parties in the special motions to strike. *See* Order to Dismiss and Strike, 2-6. Additionally, the Court dismissed Mr. Pistoresi's complaint on a legal theory unrelated to the motion to strike. The Court dismissed Mr. Pistoresi's complaint for failure to allege sufficiently that the parties acted jointly, and for failure to identify which Constitutional rights he claimed were violated. The Court relied on Fed. R. Civ. P. 8(a) in determining that Mr. Pistoresi's formulaic recitation of his federal claim was insufficient to survive the motion to dismiss. Order to Dismiss and Strike, 13. By contrast, the Court dismissed Mr. Pistoresi's state claim pursuant to the anti-SLAPP statute after considering additional allegations and evidence and

determining that Mr. Pistoresi's action arose from protected activity. *Id*. at 14-16; *c.f. Kearney*, 553 F. Supp. 2d at 1184 (defendants were entitled to recover reasonable attorneys' fees for their motion to dismiss federal claims insofar as that motion was premised on the *Noerr-Pennington* doctrine and/or litigation privilege, but not otherwise). Because the issues of fact and law diverged between the motions, and the dismissal was not based on a burden to the exercise of the defendants' constitutional free speech and petition rights, the Stoel Rives defendants are not entitled to recover attorneys fees for the motion to dismiss. *See Mann v. Quality Old Time Service, Inc*., 139 Cal. App. 4th 328 (2006) (the fee shifting provisions of the anti-SLAPP statute were enacted to impose litigation costs on those who assert meritless claims burdening the exercise of the defendant's constitutional free speech and petition rights).

The Stoel Rives defendants did not separate the fees request between the motions to dismiss and strike. Therefore, this Court must apportion the fees request. Having reviewed the Stoel Rives defendants' Exhibit A to their reply brief, which includes a detailed accounting of the fees request, this Court finds that 60% of the preparation and defense relates to the anti-SLAPP motion and 40% relates to the motion to dismiss. Accordingly, the Stoel Rives defendants may recover 60% of fees requested, as they relate to the special motion to strike only, or $25,190.70.

**Mr. Duckers' Fees**

The Stoel Rives defendants seek to recover $28,120 in fees for the time of Edward C. Duckers ("Mr. Duckers"), a partner at defendant Stoel Rives. According to his declaration, Mr. Duckers served as in-house litigation counsel for Stoel Rives, Mr. Campos, and Ms. Brenner. In that capacity, he performed the following tasks: (1) interviewing and retaining outside counsel; (2) consulting with outside counsel on the facts and history of the state action; (3) consulting with outside counsel on litigation strategy; (4) reviewing and revising motion papers and declarations; and (5) generally coordinating the defense of all defendants in this action. In connection with this action, Mr. Duckers declares that he worked a total of 59.20 hours at a rate of $475.00 per hour, for a total of $28,120.

The Stoel Rives defendants may recover Mr. Duckers' fees charged for hours he worked in assisting the Stoel Rives defendants as in-house counsel. *Ramona Unified School Dist. v. Tskiknas*, 135 Cal. App. 5th 510 (2005); *PLCM Group v. Drexler*, 22 Cal. 4th 1084 (2000). *See also*, Opp., 9 ("Although ample case-law cited in *Ramona* does provide for the recovery of attorney's fees by Stoel

6

Rives for services provided to them by Mr. Duckers....Plaintiff request that none be granted.").

As this Court discussed above, however, the Stoel Rives defendants are entitled to recover attorneys' fees for work incurred in connection with the special motion to strike only. Mr. Duckers' declaration does not separate his hours between the motions. As a result, this Court must apportion his hours as 60% for the motion to strike and 40% for the motion to dismiss. Accordingly, this Court finds that Mr. Duckers billed 35.52 hours in connection with the anti-SLAPP motion to strike.

The Court further adjusts Mr. Duckers hourly rate, as discussed more fully above. The Court finds that the reasonable rate in this Court's community for the serviced provided by Mr. Duckers is $300 per hour. Accordingly, the reasonable attorney fee award for Mr. Duckers is $10,656, which is the sum $300 an hour multiplied by 35.52 hours.

**MID Defendants' Motion**

The MID defendants request a total of $12,895.50 in connection with the anti-SLAPP motion to strike, the motion to dismiss, and the instant motion for attorneys fees. The Court finds that the hourly rates charged by Lamore, Brazier are reasonable for the community. Those hourly rates are as follows: (1) $150 per hour for Mr. Brazier; (2) $135 per hour for his associate attorney; and (3) $75 an hour for the paralegal.

Lamore, Brazier billed a total of 107.7 hours for the motions to dismiss and anti-SLAPP motion collectively. Of the 107.7 hours billed, Mr. Brazier billed 20 hours, the paralegal billed 84.9 hours and the associate billed 2.8 hours. Accordingly, the total bill for the two motions is $9,745.50.

As discussed more fully above, Lamore, Brazier is entitled to recover for the attorneys fees associated with the anti-SLAPP motion to strike only. The motion to dismiss and anti-SLAPP motion to strike did not rely on similar facts or legal theories. In determining a reasonable award and apportionment, the Court notes that the MID defendants did not move to strike separately from the Stoel Rives defendants. Rather, the MID defendants joined in the Stoel Rives defendants' motion. The MID defendants' memoranda were nearly identical to the Stoel Rives defendants' motion. The MID defendants replaced their names, where appropriate, and removed analysis that pertained solely to the Stoel Rives defendants. As a result, this Court finds that the proper apportionment is 50% of fees are attributable to the motion to dismiss and 50% of the fees are attributable to the motion to strike.

Accordingly, the MID defendants are entitled to recover $4,872.75.

Although Mr. Brazier declares that Lamore, Brazier spent 41.3 hours for the motion for attorneys fees, the Court's review of the bill attached to Mr. Brazier's record demonstrates that Lamore, Brazier billed a total of 13.8 hours for this motion. This total includes 9.3 hours of work by Mr. Brazier and 4.5 hour of work by the paralegal. Accordingly, the MID defendants are entitled to recover $2,467.50 for this motion. This total is the sum Mr. Brazier's charges ($150 per hour multiplied by 11.8 hours) and the paralegal's work ($75 multiplied by 9.3 hours).

## **CONCLUSION AND ORDER**

For the foregoing reasons, this Court:

1. GRANTS in part and DENIES in part the Stoel Rives defendants' request. The Stoel Rives defendants are entitled to recover fees for the motion to strike only, which comprises 60% of the fees requested. Moreover, this Court adjusted the award downward to reflect a reasonable hourly fee according to the prevailing rate in this community;

2. AWARDS the Stoel Rives defendants $11,451 in fees for the instant motion, $25,190.70 in fees for the motion to strike, and $10,656 for Mr. Duckers' charges, for a total of $47,297.70 in attorneys fees;

3. GRANTS in part and DENIES in part the MID defendants' request. The MID defendants are entitled to recover for fees for the motion to strike only, which comprises 50% of the fees requested; and

4. AWARDS the MID defendants $2,467.50 for the motion for attorneys fees and $4,872.75 in fees for the motion to strike, for a total of $7,340.25.

IT IS SO ORDERED.

**Dated:    February 6, 2009                /s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE