# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON PISTORESI | CASE NO. CV-F-08-843-LJO-DLB |
| Plaintiff, | **ORDER FOR SUPPLEMENTAL DOCUMENTATION REGARDING SECOND MOTION FOR ATTORNEYS' FEES** |
| v. | |
| MADERA IRRIGATION DISTRICT, CARL JANZEN, JAMES ANTHONY CAVALLERO, and GARY BURSEY, | |
| Defendants. | |
| _____/ | |

By notice on February 20, 2009, defendants Madera Irrigation District, Carl Janzen, James Anthony Cavallero, and Gary Bursey, (collectively "defendants'") moved for attorneys fees, pursuant to Cal. Code Civ. Proc. §425.16, against plaintiff Ron Pistoresi ("Mr. Pistoresi"). Defendants argue that they are entitled to attorneys' fees based on this Court's order to grant Defendants' special motion to strike Mr. Pistoresi's amended complaint pursuant to Cal. Code Civ. Proc. §425.16, California's "anti-SLAPP statute." Defendants seeks a total award of $42,245.00.

Without explanation, defendants provide no billing statements with their motion to support their attorneys fees request. Defendants rely on declarations from attorneys without submitting documentation to support those declarations. Defendants are aware that this Court "must carefully

review attorney documentation of hours expended." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoted in this Court's Order on defendants' previous motion for attorneys' fees, filed February 6, 2009, Doc. 82). Defendants' failure to provide such documentation in support of the second motion is surprising considering that: (1) defendants filed such documents in their first motion for attorneys fees; (2) defendants are aware that the Court scrutinized and relied upon such information in its prior order; and (3) defendants bear the burden to prove the amount requested, including its reasonableness. *Johnson v. Georgia Highway Express, Inc.*, supra, 488 F.2d at 720. Without such information, this Court cannot fulfill its duty and determine the necessity and reasonableness of the request.

Should defendants choose to provide supplemental documentation, defendants shall submit documentation related to hours spent the second motion to strike and second motion for attorneys fees only. Defendants' self-apportionment of 60% of the total hours worked on the second motion to dismiss and second motion to strike is unreasonable. In its first Order, this Court was required to apportion the fee request because the defendants failed to separate the fees request. Defendants included a total amount of hours related to both a motion to dismiss and a motion to strike, because defendants argued that the motions were "inextricably intertwined." This Court found that the motions were not inextricably intertwined and, after reviewing the documentation submitted with the motion, allocated 50% of the hours as relating to the motion to strike.[1] Order on Defendants' Motion for attorneys fees, 7. Without supporting documentation, defendants will not recover an amount self-apportioned that amounts to a proportion higher than previously granted to them by this Court. Moreover, as defendants only seek to recover for the motion to strike in the instant motion, allocation is unnecessary. Defendants must be able to provide an accurate accounting specific to the motion on which they base the instant motion to recover attorneys fees. Such accounting should be simplified since defendants filed, and replied to, the second motion to dismiss and second motion to strike separately.

Accordingly, this Court ORDERS as follows:

1. Defendants shall file supplemental documentation to support the second motion for attorneys fees no later than **March 17, 2009.** Failure to file supplemental documentation

---

[1] The Court awarded 60% of the total amount to different defendants based on considerations not applicable to the current defendants. Order on Defendants' Motion for Attorneys Fees, 6.

2

shall be construed as a withdrawal of this motion and shall result in dismissal of this motion on **March 18, 2009.** Should defendants' review and submission of their documentation result in a fee total that differs from the amount originally requested (including, but not limited to, omission of requests for fees not incurred), defendants shall identify and explain the inconsistencies.

2. Mr. Pistoresi shall review the supplemental documentation, if any, and oppose defendants' motion no later than **March 24**, **2009.**

3. Defendants shall file a response, if any, no later than **March 31, 2009.**

4. This Court VACATES the March 25, 2009 hearing on this motion. The Court will re-set a hearing, if necessary, after the Court has reviewed all documents.

IT IS SO ORDERED.

**Dated:   March 12, 2009**           /s/ Lawrence J. O'Neill
                                                                         UNITED STATES DISTRICT JUDGE