# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON PISTORESI, | CASE NO. CV-F-08-843-LJO-DLB |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEYS FEES** (Docs. 56, 60) |
| v. | |
| MADERA IRRIGATION DISTRICT, CARL JANZEN, JAMES ANTHONY CAVALLERO, and GARY BURSEY, | |
| Defendants. | |

## INTRODUCTION

Defendants Madera Irrigation District ("MID"), Carl Janzen, James Anthony Cavallero, and Gary Bursey, (collectively "defendants'") move for attorneys' fees against plaintiff Ron Pistoresi ("Mr. Pistoresi"). Defendants seek attorneys' fees as a prevailing party, pursuant to Cal. Code Civ. Proc. §425.16, California's "anti-SLAPP statute." Defendants request a total of $44,247.50 in attorneys' fees. In opposition, Mr. Pistoresi argues that the hours claimed are excessive and redundant and the hourly fee rate is excessive. Having considered the parties' arguments and documentation, and further considering this Court's Order For Supplemental Documentation Regarding Second Motion for Attorneys' Fees ("Order For Supplemental Documentation") (Doc. 87), this Court GRANTS in part and DENIES in part defendants' motion.

## BACKGROUND

Mr. Pistoresi initiated this action on June 17, 2008. In addition to defendants, who are MID Board members, Mr. Pistoresi's complaint named as defendants the law firm of Stoel Rives, LLP, ("Stoel Rives"), two Stoel Rives' attorneys, Michael A Campos, and Barbara A. Brenner, (collectively "Stoel Rives defendants") and Madera Irrigation District board of supervisor members and employees,

1

Timothy DaSilva, Cyndi Rascoe, and Dennis Flippo (collectively "MID defendants"). The Stoel Rives defendants and MID defendants moved to dismiss and strike Mr. Pistoresi's complaint. On February 2, 2009, this Court granted in part and denied in part Stoel Rives defendants' and MID defendants' motion for attorneys' fees ("First Attorneys' Fees Order") based on this Court's November 25, 2008 Order on Defendants' Motions to Dismiss and To Strike ("First Dismiss and Strike Order").

Mr. Pistoresi filed his amended complaint on December 10, 2008. Defendants moved to dismiss his amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6) on December 24, 2008. Additionally, defendants moved to strike the amended complaint pursuant to California's anti-SLAPP statute. On February 3, 2009, this Court granted defendants' motion to dismiss and motion to strike ("Second Dismiss and Strike Order"). Defendants' moved for attorneys fees based on this Court's Second Dismiss and Strike Order on February 20, 2009.

After reviewing defendants' moving papers, this Court ordered defendants to file supplemental documentation to support this second motion for attorneys fees based on defendants failure to provide billing statements to support the request and unsubstantiated self-apportionment of fees (Doc. 87). The Court ordered defendants to "submit documentation related to hours spent [on] the second motion to strike and the second motion for attorneys fees only." Second Dismiss and Strike Order, 2:9-11.

On March 17, 2009, defendants filed supplementary declarations by Thomas S. Brazier ("Mr. Brazier") of Lamore, Brazier, Riddle & Giampaoli ("Lamore, Frazier") and Edward C. Duckers ("Mr. Duckers") of Stoel Rives. Mr. Pistoresi opposed the motion on March 24, 2009. Defendants replied on March 31, 2009. Having considered the parties memoranda in support, opposition, and reply to the motions, including all attachments and supplemental documentation, this Court vacates the April 7, 2009 hearing, pursuant to Local Rule 78-230(h), and issues the following order.

///

## STANDARD OF REVIEW

"A prevailing defendant on a special motion to strike [pursuant to Cal. Code Civ. Proc. 425.16(b)] shall be entitled to recover his or her attorneys' fees." Cal. Code Civ. Proc. §425.16(c). To calculate a reasonable attorneys fees award, the Court uses the "lodestar adjustment method." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). "[T]he fee setting inquiry in California ordinarily begins with

the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). " The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id*. "In referring to '*reasonable*' compensation...courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132 (emphasis in original).

An award of attorneys' fees to a prevailing defendant "is usually mandatory." *Christian Research Institute v. Alnor*, 165 Ca. App. 4th 1315, 1321 (2008). In enacting the attorneys' fees statute, the California "Legislature, however, did not intend recovery of fees and costs as a windfall." *Christian Research Institute* v. Alnor, 165 Cal. App. 4th 1315, 1321 (2008); *see also Olsen v. Harbison*, 134 Cal. App. 4th 278, 283 (2005) (noting "ironic unintended consequence that anti-SLAPP procedures, enacted to curb abusive litigation, are also prone to abuse."). "This section authorizes the court to make an award of reasonable attorneys fees to a prevailing defendant which will adequately compensate the defendant for the expense of responding to a baseless lawsuit." *Dove Audio v. Rosenfeld*, 47 Cal. App. 4th 777, 785 (1996). Thus, the "court [is] not bound by the amount sought be defendants and ha[s] discretion to award them a lesser sum." *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995).

## DISCUSSION

### Defendants' Request

Defendants' fee request totals $42,245.00.[1] This amount consists of: (1) $7,160.00 incurred by Mr. Duckers of Stoel Rives LLP, for work related to the first anti-SLAPP motion; (2) $1,530 in fees incurred by LaMore, Brazier in connection with the second anti-SLAPP motion; (3) $28,535 in fees incurred by Stoel Rives for the second anti-SLAPP motion; (4) $472.50 incurred by LaMore, Brazier for the instant motion for attorneys fees; and (5) $6,6550 in fees incurred, and expected to be incurred, by Stoel Rives in connection with the instant motion for attorneys' fees. For this motion, this Court considers Mr. Duckers' request, LaMore, Brazier's requests, and Stoel Rives' requests separately below.

---

[1] Originally, defendants requested an award of $42,245.00. In reply, defendants request a total award of $44,247.00, although the sum of the detailed request equals $44,247.50.

3

## Mr. Duckers' Fees

In the instant motion, defendants assert that they should recover $7,160 for work done by Mr. Duckers in assisting LaMore, Brazier with the first anti-SLAPP motion. This Court previously considered and ruled on defendants' first attorneys' fees motion. In the First Attorneys' Fees Order, this Court awarded Mr. Duckers, a partner at Stoel Rives, $10,656 in attorneys' fees.

In a footnote in their memorandum to support the instant motion, defendants explain that the additional fees now requested were "detailed" in Mr. Duckers' declaration, but admit that those fees "were not discussed in the application itself." Defendants fail to explain why Mr. Duckers' additional fees were not requested or discussed in the memorandum in support of the first motion for attorneys' fees and fail to cite legal authority to support an award of the belated request.

Defendants fail to raise, discuss, and satisfy the reconsideration motion standards. Because this Court has previously ruled on this motion, defendants must satisfy Local Rule 78-230(k), which provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge...to whom subsequent motion is made an affidavit, or brief, as appropriate, setting forth each motion for which reconsideration is sought, including:
> 1) when and to what Judge...the prior motion was made;
> 2) what ruling, decision or order was made thereon;
> 3) what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> 4) why the facts or circumstances were not shown at the time of the prior motion.

Though motions for reconsideration are generally disfavored, a motion to reconsider is appropriate if the court committed clear error or the initial decision was manifestly unjust. *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce a court to reverse its prior decision. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 565, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1997). Motions for reconsideration, however, are not the place for parties to make new arguments not raised in their original briefs. *See Christie v. Iopa*, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999); *Northwest Acceptance Corp. v. Lynnwood Equip.*, Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).

Because defendants set forth no analysis to support the position that this Court should award Mr. Duckers' fees associated with the first motion to strike, this Court is unpersuaded to modify the First Attorneys' Fees Order. Accordingly, this Court denies defendants' request to recover Mr. Duckers' fees charged in association with the first motion to strike.

## **Lamore, Brazier's Fees Request**

To calculate attorneys fees, this Court begins with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting litigation of the same type." *Serrano v. Unruh*, 32 Cal. 3d 621, 625 (1982) ("*Serrano IV*"). The reasonable value of attorney services is defined as the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Id*. at 640. "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (quotations and citation omitted).

LaMore, Brazier seeks to recover a total of $2,002.50. This request includes: (1) $1,530 for 16.8 hours worked on the second motion to strike; and (2) $472.50 for a total of 4.8 billable hours on this second motion for attorneys' fees. According to the declaration of Mr. Brazier and the supplemental billing records, Lamore, Brazier charges $150 an hour for the name partner's work, and $75 an hour for paralegal work.

Through supplemental documentation, LaMore, Brazier sets forth a time log of hours worked on the second motion to dismiss and second motion to strike collectively. LaMore, Brazier's time long demonstrates that Mr. Brazier reviewed Mr. Pistoresi's complaint on December 10 and 11, 2009, drafted the second motion to dismiss and second motion to strike on December 23, 2009, revised the second motions on December 24, 2009, researched an issue related to Mr. Pistoresi's oppositions on January 13, 2009, discussed the reply on January 16, 2009, and drafted, revised and filed the reply on January 22, 2009. The total time LaMore, Brazier expended on the "Combined Motions" was 24.0 hours. LaMore, Brazier attributed 50% of the total time to work on the second motion to strike. Accordingly, LaMore, Brazier seeks to recover a total of $1,530 for 8.4 hours billed by Mr. Brazier at a rate of $150 per hour, and 3.6 hours billed $75 for Mr. Brazier's paralegal.

In addition, LaMore, Brazier presents a portion of its time log that represented the efforts expended in support of the second motion for attorneys' fees only. The billing records for that motion demonstrate that Mr. Brazier billed 1.5 hours and the paralegal billed 3.3 hours for a total bill of $472.50.

This Court finds that LaMore, Brazier's fee request represented a reasonable amount of hours incurred for the second motion to strike and second motion for attorneys' fees. This Court further finds that the hourly fee is reasonable, and represents an hourly prevailing rate for private attorneys in the community conducting litigation of the same type. Accordingly, this Court awards LaMore, Brazier with a total amount of $2,002.50, which includes $1530 for the second motion to strike and $472.50 for the second motion for attorneys' fees.

**Stoel Rives' Fees Request**

Stoel Rives requests a total attorneys' fees award of $35,085, which includes $28,535 for work incurred on the second motion to strike and $6,550 in fees and costs incurred in preparing the second motion for attorneys' fees. Defendants, as the party petitioning for attorneys' fees, "bear[] the burden of submitting detailed time records justifying the hours claimed to have been expended." *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("*WPPSS*"); *see also, Macias v. Hartwell*, 55 Cal. App. 4th 669, 676 (1997). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This Court "was neither obligated to explain what type of records should be submitted, nor to request additional information. The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award." *WPPSS*, 19 F.3d at 1306. In addition to the burden of proof, defendants bear the burden of persuasion on the elements of the attorneys' fees claim. *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1125 (9th Cir. 2002). For the reasons discussed below, this Court denies Stoel Rives' attorneys' fees request in its entirety.

**Inadequate Records and Failure to Comply with Court Order**

Initially, Stoel Rives provided no billing records to support its second motion for attorneys' fees. In its Order For Supplemental Documentation, this Court pointed out the well-settled law that the Court "must carefully review attorney documentation of hours expended." *Id*. at 2 (quoting *Ketchum*, 24 Cal.

4th at 1132). In its Order, this Court noted that:

> Defendants' failure to provide such documentation in support of the second motion is surprising considering that: (1) defendants filed such documents in their first motion for attorneys fees; (2) defendants are aware that the Court scrutinized and relied upon such information in its prior order; and (3) defendants bear the burden to prove the amount requested, including reasonableness. Without such information, this Court cannot fulfill its duty and determine the necessity and reasonableness of the request.

*Id*. Although this Court had no obligation to do so, the Court ordered Stoel Rives to file supplemental documentation to support its attorneys' fees award. The Court required Stoel Rives to "submit documentation related to hours spent [on] the second motion to strike and second motion for attorneys fees <u>only</u>." *Id* (emphasis added). The Court made clear that "[w]ithout supporting documentation, defendants will not recover an amount self-apportioned that amounts to a proportion higher than previously granted to them by this Court...Defendants must be able to provide <u>an accurate accounting specific to the motion</u> on which they base the instant motion to recover attorneys fees." *Id*. at 2:18-22 (emphasis added).

In response to this Court's order, Stoel Rives failed to provide supplemental documentation specific to the instant motion. Rather, Stoel Rives submits billing records from December 1, 2008 through January 30, 2009. These billing records include hours that are unrelated to the second motion to strike and instant motion for attorneys fees, The billing records include hours incurred in relation to the second motion to dismiss and some hours that are wholly unrelated to the instant action. Stoel Rives' supplemental documentation includes, *inter alia*, hours billed: (1) *prior* to the filing of the first amended complaint; (2) for the *first* motion for attorneys fees and in review of the First Attorneys' Fees Order; (3) for discussion of a potential press release; and (4) work on a False Claims Act. Furthermore, the billing records include hours billed by eight attorneys and non-attorneys unidentified in Mr. Duckers' declaration. In his supplemental declaration, Mr. Duckers explains that there:

> was considerable overlap in the efforts and arguments in support of MID Defendants' Motion to Dismiss and Motion to Strike. I have reviewed the billing records appended hereto as Exhibits A and B. Based on those records and my personal knowledge of the allocation of time to various projects, I believe the MID defendants have accurately limited their fee requests to fees incurred in connection with the Special Motion to Strike.

Duckers Declaration, ¶ 8. However, Stoel Rives provides no explanation as to why it failed to comply

7

with this Court's order to submit documentation as to the second motion to strike and second motion for attorneys' fees only. Accordingly, the Court finds the documentation inadequate as the billing records violate this Court's Order For Supplemental Documentation.

In addition, the billing records submitted are inadequate in that that Stoel Rives utilized "block billing" for a number of billing entries. "Block billing" consists of multiple tasks entered as a single entry. *Fabbriani v. Dunsmuir*, 2008 WL 1808502, * 2 (ED. Cal. 2008). Some of these tasks are not related to the second motion to dismiss and/or second motion for attorneys' fees. Courts "frow[n] on block billing where discrete and unrelated tasks are lumped into one entry, as the practice can make it impossible...to determine the reasonableness of the hours spent on each task." *Id*. at 3 (quoting *Pande v ChevronTexaco Corp.*, 2008 WL 906507, *8 (N.D. Cal. 2008). Block billing records are insufficiently detailed so that a Court is unable to determine "with a high degree of certainty" that the hours billed were expended actually and reasonably. *Watkins v. Vance*, 328 F. Supp. 2d 27, 31 (D. D.C. 2004). Accordingly, this Court utilizes its discretion to deny recovery of block billed entries.

**Excessive Request**

Stoel Rives claims an unreasonable amount of hours in preparation and defense of the second motion to strike. "In referring to 'reasonable' compensation, [the California Supreme Court] indicated that trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132. This Court retains the discretion to award attorney fees in an amount that is less than the lodestar amount: "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchum*, 24 Cal.4th at 1138. "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Id*. at 1137 (quoting *Serrano IV*, 32 Cal.3d at 635) (quoted in *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1322 (2008)).

Here, Stoel Rives submits that it billed nearly 150 hours on the second motion to strike. In his first declaration, Mr. Duckers submits that he expended 48.9 total professional hours in connection with the second anti-SLAPP motion and second motion to dismiss at an hourly rate of $300. Mr. Duckers allocates 60% of his total time to the anti-SLAPP motion to request a total of $8,802. In addition, Mr.

Duckers declares that two associates worked on the second motions to dismiss, strike, and recover attorneys' fees. Stacy E. Gillespie ("Ms. Gillespie"), a seventh-year Stoel Rives associate, "took the lead on drafting the motion to dismiss," and expended 19.4 hours performing research in connection with the second anti-SLAPP motion at a rate of $225 per hour. The fee requested for Ms. Gillespie's work is $4,365. Jennifer D. McCrary ("Ms. McCrary"), a Stoel Rives fourth-year associate, expended 76.9 hours in analyzing, researching and drafting the second anti-SLAPP motion. At an hourly rate of $200, Ms. McCrary's fee amount to $15,380. According to Mr. Duckers, "[n]one of Ms. McCrary's time was attributable to the motion to dismiss."

Having considered the second motion to dismiss, Stoel Rives' billing records, Mr. Duckers' declaration, and the first motion for attorneys' fees, this Court finds Stoel Rives' fee request to be excessive. Stoel Rives' fee request appears inflated. Even though Mr. Pistoresi asserted a new legal theory, the standards applicable to an anti-SLAPP motion remained the same. Accordingly, defendants' professional hours should have decreased in defendants' *second* motion to dismiss; however, defendants billed *50 additional hours* in the second motion to dismiss.

**Request for Fees Not Incurred**

Finally, Stoel Rives seeks to recover fees not incurred. Nearly half of Stoel Rives' request related the second motion for attorneys' fees is unearned. In its Order For Supplemental Documentation, the Court ordered: "Should defendants' review and submission of documentation result in a fee total that differs from the amount originally requested (including but not limited to, <u>omission of requests for fees not incurred</u>), defendants shall identify and explain the inconsistencies." *Id*. at 3:2-5 (emphasis added). Stoel Rives failed to omit the request for fees not yet incurred and continues to request a total of $6,550. This amount includes 10 hours of work by Ms. McCrary and 1.5 hours of work by Mr. Duckers. The total amount also includes time Mr. Duckers "anticipate[s] that [he] will spend," including "2.0 hours preparing for oral argument, and 8 hours attending oral argument taking into account travel time from Sacramento, California." Because there is no hearing on this motion, Stoel Rives is not entitled to the fees associated with a motion hearing. At $300 per hour, $3000 of the $6,550 total request is unearned. Stoel Rives' failure to omit the request and/or detail the inconsistency is a violation of this Court's order. Stoel Rives' continued request to recover unearned fees is inexcusable.

**Denial of Fee Request**

Under certain circumstances, a party's acts may justify a denial of attorneys' fees altogether. As the California Supreme Court explained: "'If ... the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked in the first place. To discourage such greed, a severer reaction is needful." *Serrano IV*, 32 Cal.3d at 635 (quoting *Brown v. Stackler*, 612 F.3d 1057, 1059 (7th Cir.1980)). The *Serrano IV* court then noted examples in which a denial of fees is appropriate:

> See, e.g., *Copeland v. Marshall, supra*, 641 F.2d 880, 902-903 [not allowable are hours on which plaintiff did not prevail or "hours that simply should not have been spent at all, such as where attorneys' efforts are unorganized or duplicative. This may occur ... when young associates' labors are inadequately organized by supervising partners" (fns. omitted)]; *Gagne v. Maher, supra*, 594 F.2d 336, 345 [excessive time spent]; *Lund v. Affleck* (1st Cir. 1978) 587 F.2d 75, 77 [if initial claim is "exorbitant" and time unreasonable, court should "refuse the further compensation"]; *Reynolds v. Coomey* (1st Cir. 1978) 567 F.2d 1166, 1167 [duplication of effort]; *Farris v. Cox* (N.D.Cal. 1981) 508 F.Supp. 222, 227 [time on fee petition denied for "overreaching"]; *Vocca v. Playboy Hotel of Chicago, Inc*. (N.D.Ill. 1981) 519 F.Supp. 900, 901-902 [fee denied in entirety on ground of counsel's dilatoriness and hours claimed for clerical work]; *Jordan v. United States Dept. of Justice* (D.D.C. 1981) 89 F.R.D. 537, 540 [fee denied in entirety on ground of unreasonable request and inadequate documentation].

32 Cal. 3d at 635, n. 21. As discussed more fully above, most of the factors justifying a denial of an anti-SLAPP attorneys' fees award are present in the instant action. For disobeying this Court's order, failing to provide adequate documentation, requesting an excessive amount, and claiming unearned fees, this Court denies in full the Stoel Rives attorneys' fees request.

**CONCLUSION AND ORDER**

For the foregoing reasons, this Court:

1. VACATES the April 7, 2009 hearing;

2. GRANTS in part and DENIES in part defendants' motion; and

3. AWARDS defendants a total of $$2,002.50.

IT IS SO ORDERED.

Dated: April 2, 2009     /s/ Lawrence J. O'Neill
     UNITED STATES DISTRICT JUDGE